# Craver & Steele Manufacturing Company v. The Whitman & Barnes Manufacturing Company.

# David Kelley v. The Whitman & Barnes Manufacturing Company.

1. RECEIVERS—*Appointment of, Without Notice.*—Courts should proceed with great caution in the appointment of receivers without notice. It is only in cases of the greatest emergency, demanding the immediate aid of the court for the prevention of irreparable injury, or in cases where the defendant has willfully put himself beyond the jurisdiction of the court, that an order appointing a receiver upon an *ex parte* application, should be made.

Order Appointing a Receiver.—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1895. Reversed with directions. Opinion filed February 11, 1896.

## STATEMENT OF THE CASE.

These are appeals by the Craver & Steele Manufacturing Company, and David Kelley, from an order entered in the Circuit Court of Cook County, on the 24th day of October, 1895, appointing the Chicago Title and Trust Company receiver of the property and assets of the said Craver & Steele Manufacturing Company, on a bill filed by the Whitman & Barnes Manufacturing Company against the said Craver & Steele Manufacturing Company and others, on the 23d day of October, 1895.

The bill charges the following state of facts: That on the 23d day of October, 1895, the complainant, the Whitman & Barnes Manufacturing Company, recovered a judgment at law against said Craver & Steele Manufacturing Company, amounting to $11,852.03; that execution was issued on said judgment and returned by the sheriff wholly unsatisfied.

That since the indebtedness upon which said judgment was entered was contracted, the defendant, Craver & Steele Manufacturing Company, by pretended sale, assignment,

or conveyance, has put out of its hands and control property, both real and personal, with intent to hinder and delay its creditors, and that such property is held in trust for the Craver & Steele Manufacturing Company by the person to whom the transfer was made.

That Charles F. Craver, Alonzo Steele, David Kelley, and the Union National Bank, who are made co-defendants to the bill of complaint, have property in their hands in which the principal defendant has some equity of redemption or interest, and some of said co-defendants are indebted to the Craver & Steele Manufacturing Company.

That prior to the 20th day of September, 1895, the defendant had been conducting its business at Harvey, Cook County, Illinois, and had accumulated assets to the amount of $500,000; that for some time prior thereto the company was insolvent, owning upward of $325,000, and was unable to pay its debts as they matured in business, as its assets were not of such a nature as to be immediately convertible into cash.

That the outstanding notes of the company amounted to over $100,000, upon a large part of which the officers and stockholders were liable by indorsement.

That on or about the said 20th day of September, 1895, the said defendant company conveyed and delivered to the defendant, David Kelley, all its property of every kind and nature, for the sum of $201,000 in cash and notes, and placed him in possession thereof.

That said conveyance to Kelley was in pursuance of a plan arranged by the officers of the corporation and Kelley, to keep the assets of the company beyond the reach of creditors, and that the $201,000, in cash and notes, received from Kelley, was at once used to pay and take up the notes of said corporation, for which said officers were liable.

That since the said 20th day of September the Craver & Steele Manufacturing Company has ceased doing business, and that David Kelley now holds all its property and claims to be the owner thereof.

The bill prayed that the conveyance to Kelley be declared fraudulent and void, that a receiver be appointed, and that

Kelley be required to surrender to such receiver all property received by him.

Upon the foregoing facts as charged, the Circuit Court, on the 24th day of October, 1895, being the day following the filing of the bill, on motion of complainants' solicitors, without notice to any of the defendants to the bill and before appearance, appointed a receiver for the defendant Craver & Steele Manufacturing Company.

Reed, Brown & Allen, and Defrees, Brace & Ritter, attorneys for appellants.

A court of equity will not appoint a receiver when it appears that all the assets of a company are in the possession of a third person, and there is no allegation that such third person is insolvent or unable to answer in damages any decree that may be rendered against him.   Mills v. Webb (Ga.), 15 S. E. Rep. 635.

Where the only property of an insolvent corporation were notes transferred by it to secure a debt for the creditor's exclusive benefit, held, error to appoint a receiver.   Hale-Berry Co. v. Diamond State Iron Co. (Ga.), 22 S. E. Rep. 217.

When it alleges in a bill that property has been conveyed by fraud, and it appears from the bill that the person to whom the property was conveyed is solvent, and that said property is worth more than complainant's debt, a receiver should not be appointed.   Buckley v. Baldwin (Miss.), 13 S. E. Rep. 851.

When a proper case is made for a receiver, the power to appoint should be exercised, but even then with due regard to the situation and circumstances of the case and the rights and interests of defendants, and *never without notice to them and opportunity to be heard*, unless there is a satisfactory showing of a necessity for such urgency.   Buckley v. Baldwin, *supra;* see, also, Irwin v. Everson (Ala.), 10 So. Rep. 320; Bothman v. Bothman, 29 N. Y. S. 959; Roberts v. Washington Nat. Bank (Wash.), 37 Pac. Rep. 26.

No appearance for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The order appointing a receiver is as follows:
" 148,879.

The Whitman & Barnes Manufacturing Company  ⎫
                          v.                                ⎬ Bill.
Craver & Steele Manufacturing Company et al.   ⎭

This cause coming on to be heard upon the verified bill of complaint heretofore filed herein, and upon the application of said complainant for the appointment of a receiver of said defendant, Craver & Steele Manufacturing Company, in accordance with the prayer of said bill:

It is ordered and decreed that The Chicago Title & Trust Company of Chicago, Cook County, Illinois, be, and it is hereby appointed receiver of the estate and property, real and personal, things in action, debts, equitable interests and other effects of said defendant, Craver & Steele Manufacturing Company, a corporation, and which belonged to it or were held in trust for it at the time of the commencement of this suit, or in which it had, or has, any beneficial interest, wherever said assets or property may be found, with the usual powers and duties of a receiver in such cases— which said receiver shall have authority in his name as receiver of such corporation, or in the name of said corporation to sue and defend, in all courts, and do all things necessary to obtain possession of, collect and preserve the property of said corporation.

And it is further ordered that said defendant, Craver & Steele Manufacturing Company, and all its officers, agents and employes, shall forthwith turn over and deliver to said receiver, all the property and assets, equitable interests and choses in action of said defendant corporation, wherever situated and found, and turn over and surrender to said receiver all the books, papers, documents and memoranda of said company.

And it is further ordered that said defendant company and its president and secretary, or other proper officers, do forthwith assign, transfer and deliver to said receiver under

the direction of Charles T. Farson, a master in chancery of this court, all its property, real and personal, things in action and equitable interests, wherever the same may be situated, and do execute and deliver forthwith to said receiver under the direction of said master in chancery, a general assignment of all its property and effects."

The order appealed from is so unwarrantably sweeping in its terms, appointing a receiver for all the property and assets in which the corporation *had* or has any beneficial interest, wherever the said assets or property may be found, that it must be set aside.

Courts should proceed with great caution in the appointment, without notice, of receivers; only in cases of the gravest emergency, demanding the immediate interference of the court for the prevention of irreparable injury, or in cases where the defendant has willfully put himself beyond the jurisdiction of the court, should such an order be made *ex parte.*    High on Receivers, Secs. 111 and 112.

There is nothing in the bill in this case warranting the appointment of a receiver without notice.

Receivers are not appointed as a punishment for past dereliction; they are appointed to preserve and protect. Vienna Bakery Co. v. Heissler, 50 Ill. App. 406–412.

In the present case we do not feel called upon to decide whether section 3 of chapter 69, R. S., requires the giving of notice or the making of an affidavit as prescribed by said section, before the appointment of a receiver; such appointment amounting, as it does, to an injunction.    High on Receivers, Sec. 750.

The order of the Circuit Court appointing a receiver is reversed, and the Circuit Court is directed to order the receiver to return all property of the Craver & Steele Manufacturing Company by him as such receiver held, to the person or persons from whom he received the same.    Reversed with directions.