## Lindgren-Mahan Chemical Fire Engine Co. v. Revere Rubber Co. et al.

1. RECEIVERS—*Appointment of, Without Notice.*—A receiver for an insolvent corporation may be appointed without notice, when it is shown that notice can not be served upon the officers of such corporation.

**Order Appointing a Receiver.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

JOHN G. CAMPBELL, attorney for appellant.

MORSE, IVES & TONE, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from an interlocutory order appointing a receiver of " all the moneys, property, effects and choses in action of " the appellant corporation, " according to the prayer of the bill of complaint."

The bill was filed by appellees on behalf of themselves and such other persons as might join in and share the costs thereof, and alleged that the complainants were, severally, contract creditors of the defendant corporation to separate amounts aggregating $1,208; that said corporation had, three days before the bill was filed, confessed a judgment in favor of Kelley, Maus & Company for $15,500, an amount alleged to be far in excess of its indebtedness to said firm, and that under an execution issued upon said judgment on the day said judgment was confessed, all the stock, merchandise, goods and other tangible property of said corporation were levied upon by the sheriff, and that said corporation had no real estate; that said judgment and execution levy were pursuant to a conspiracy between said corporation and said Kelley, Maus & Company to save to the corporation some part of its assets; that said corporation had assigned

380    APPELLATE COURTS OF ILLINOIS.

VOL. 70.] Lindgren-Mahan Fire Engine Co. v. Revere Rubber Co.

all debts and accounts due to it, but without stating to whom, for the purpose of putting the same beyond the reach of complainants and other creditors; that on the day of the levy of said execution said corporation discharged all the help employed by it in the conduct of the business for which it was organized, and wholly ceased to do business, and does not intend to resume the same, and that it is hopelessly insolvent and has permanently ceased to do business, and that certain of the stockholders of said corporation have not fully paid up their stock subscriptions.

The prayer of the bill was for a dissolution and winding up of the corporation, among other things, and for the appointment of a receiver to close up its affairs under the supervision of the court. There was no prayer that the receiver should take possession of any specific property, nor that he should exercise any powers except such as the court might deem to be expedient in the future, nor did the court, in its order appointing a receiver, give any such directions.

It was simply the case of the appointment of a receiver of an insolvent corporation which had ceased to do business leaving debts unpaid, and had nothing left to it in the way of tangible assets subject to execution.

The corporation, alone, appeals.

The order was entered without notice, but the court found that the complainant was unable to get service of notice for the appointment of a receiver upon the officers of the corporation, and the affidavits upon which such a finding were based justified the finding.

The case is very unlike that of Craver and Steele Co. v. Whitman, 62 Ill. App. 313. There the order was very broad. It affected third persons and property in their hands, and included the taking possession by the receiver of all property and assets in which the defendant "had, or has, any beneficial interest, wherever said assets or property may be found."

There is no such sweeping scope to the order under consideration. Here the receiver has only to close up the business and affairs of the corporation under the direction of the

court, and we will not assume that the court will permit any unjust deprivation of the rights of third persons by the receiver, nor interfere with the possession of property by third persons until after an adjudication of their rights.

The case seems to be one that comes clearly within that clause of the 25th section of the corporation act, which permits the filing of a bill to wind up a corporation when it has ceased to do business leaving debts unpaid, and we see no ground for the corporation to complain of the appointment of a receiver.    Affirmed.